UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CRUZ NOEL QUINTERO,<br><br>　　　　Defendant. | CR No. 19CR00766-CAS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(o)(1): Possession of Machineguns; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(o)(1)]

On or about May 17, 2019, in Los Angeles County, within the Central District of California, defendant CRUZ NOEL QUINTERO knowingly possessed two machineguns, as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b), namely, an Uzi-type, 9x19mm caliber machinegun, with unknown manufacturer, bearing no serial number, and a State Factory 66, Model Type 56, 7.62x39mm caliber machinegun, bearing serial

number 12066307, each of which defendant QUINTERO knew to be a machinegun.

COUNTS TWO THROUGH FOUR

[26 U.S.C. § 5861(d)]

On or about May 17, 2019, in Los Angeles County, within the Central District of California, defendant CRUZ NOEL QUINTERO knowingly possessed the following firearms, each of which defendant QUINTERO knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and each of which had not been registered to defendant QUINTERO in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code:

| COUNT | FIREARM |
| --- | --- |
| TWO | an AR15-style, .223 Wylde caliber semiautomatic rifle, with unknown manufacturer, with a barrel less than 16 inches in length, namely, approximately 9 inches in length, bearing no serial number |
| THREE | an AR15-style, .223 caliber semiautomatic rifle, with unknown manufacturer, with a barrel less than 16 inches in length, namely, approximately 9 3/4 inches in length, bearing no serial number |
| FOUR | an AR15-style, .223 caliber semiautomatic rifle, with unknown manufacturer, with a barrel less than 16 inches in length, namely, approximately 10 inches in length, bearing no serial number |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to the following which were seized on May 17, 2019:

i. an Uzi-type, 9x19mm caliber machinegun, with unknown manufacturer, bearing no serial number;

ii. a State Factory 66, Model Type 56, 7.62x39mm caliber machinegun, bearing serial number 12066307;

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in Counts Two, Three, and Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following which were seized on May 17, 2019:

i. an AR15-style, .223 Wylde caliber semiautomatic rifle, with unknown manufacturer, with a barrel approximately 9 inches in length, bearing no serial number;

ii. an AR15-style, .223 caliber semiautomatic rifle, with unknown manufacturer, with a barrel approximately 9 3/4 inches in length, bearing no serial number; and

iii. an AR15-style, .223 caliber semiautomatic rifle, with unknown manufacturer, with a barrel approximately 10 inches in length, bearing no serial number.

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the

defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

CHRISTINA T. SHAY
Assistant United States Attorney
Deputy Chief, General Crimes Section

IAN V. YANNIELLO
Assistant United States Attorney
General Crimes Section